IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| CHRISTIAN TAYLOR #419229, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:10-0104 |
| | ) | Judge Trauger/Knowles |
| LESTER QUALLS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Presently pending before the Court is a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) filed by Defendants Qualls, Paschall, and Sims.[1] Docket No. 30. Along with their Motion, Defendants have contemporaneously filed a supporting Memorandum of Law. Docket No. 31. As grounds for their Motion, Defendants assert that, because Plaintiff admittedly did not file a grievance regarding the alleged incident that forms the basis of his Complaint, Plaintiff has failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act. *Id.* Accordingly, Defendants argue that Plaintiff's claims must be dismissed without prejudice. *Id.*

Plaintiff has not responded to Defendants' Motion.

Plaintiff, an inmate incarcerated at Turney Center Industrial Complex, filed this pro se, in forma pauperis action pursuant to 42 U.S.C. §1983, alleging that Defendants violated his rights by assaulting him, racially discriminating against him, using excessive force against him, inflicting injury upon him, causing him pain and suffering, and harassing him. Docket No. 1.

---

[1] Defendant Sims was apparently erroneously sued as "Barry Simmons." Docket No. 22.

1

Plaintiff acknowledges in his Complaint that he has not filed a grievance regarding this matter. *Id.*, p. 3. Plaintiff explains that he did not file a grievance regarding this matter because when he had filed grievances in the past, they had all been returned non-grievable or unable to be processed. *Id.*, p. 4.

After the instant Motion was filed, Plaintiff filed a "Supplemental Pleading." Docket No. 32. That "Supplemental Pleading" will be addressed in a separate Order but, for present purposes, it is sufficient to note that it does not contradict the statement in Plaintiff's original Complaint that he did not file a grievance regarding the alleged incident that was the subject of his Complaint.

The Prison Litigation Reform Act requires a prisoner to exhaust his administrative remedies before filing a §1983 lawsuit. *Porter v. Nussle*, 122 S.Ct. 982 (2002). Exhaustion is mandatory under the Prison Litigation Reform Act, and unexhausted claims cannot be brought in court. *Jones V. Bock*, 127 S.Ct. 910, 918-919 (2007). An inmate cannot fail to file a grievance and argue that he did not file a grievance because it was futile for him to do so. *See Hartsfield v. Vidor*, 199 F.3d 305, 309 (1999).

Plaintiff's admission that he had filed grievances in the past that were returned non-grievable or unable to be processed demonstrates that he knew that Turney Center Industrial Complex had a grievance procedure, and that he knew how to use it. Because Plaintiff admittedly did not file a grievance regarding the incident which forms the basis of his Complaint, Plaintiff has failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act. Accordingly, the claims set forth in Plaintiff's original Complaint cannot proceed.

2

For the forgoing reasons, the undersigned recommends that Defendants' Motion to Dismiss (Docket No. 30) be GRANTED, and that Plaintiff's claims against Defendants Lester Qualls, Josh Paschall, Barry Sims, and Jay Dickson be DISMISSED WITHOUT PREJUDICE.[2]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                                                      E. CLIFTON KNOWLES
                                                                      United States Magistrate Judge

---

[2] Defendant Jay Dickson is not a party to the instant Motion, but Plaintiff's claims against him should also be dismissed for the reasons discussed above.