# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| CHRISTIAN TAYLOR #419229, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 1:10-0104 |
| | ) JUDGE TRAUGER/KNOWLES |
| | ) |
| LESTER QUALLS, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court *sua sponte* with regard to a "Supplemental Pleading," filed by the pro se Plaintiff, an inmate in the custody of the Tennessee Department of Correction. Docket No. 32. In this original Complaint, Plaintiff sued four Defendants, Lester Qualls, Josh Paschall, Barry Sims, and Jay Dickson, for allegedly assaulting him at the Turney Center Industrial Complex on July 14, 2010.

On January 31, 2011, Defendants Qualls, Paschall, and Sims filed a Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Docket No. 30. Twenty-three days after the filing of that Motion, Plaintiff filed a document headed "Supplemental Pleading." Docket No. 32. In that two-page document, Plaintiff sued Cpl. Jason Clendenion, CCO Shelly Himes, and CO James Walters, for an assault that allegedly occurred on November 4, 2010, the day after CCO Himes notarized Plaintiff's original Complaint in this action. Docket No. 32. Plaintiff avers in the Supplemental Pleading that he was assaulted on November 4, 2010, in retaliation for

his preparation and/or filing of his original Complaint. The undersigned has submitted a Report and Recommendation recommending that the Motion to Dismiss filed by Defendants Qualls, Paschall, and Sims, be granted and that the action also be dismissed as to Defendant Jay Dickson. Docket No. 33.

Fed. R. Civ. P. 15(a)(1)(B) provides in relevant part:

> (1) Amending As a Matter of Course.
>
>> (A) A party may amend its pleadings once as a matter of course within:
>>
>> . . .
>>
>> (B) If the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21days after service of a motion under Rule 12(b)(e) or (f), whichever is earlier.

Because the 21 days begins to run after the *service* of, and not after the *filing* of, the Rule 12(b)(6) Motion, three days are added to the end of that period. Fed. R. Civ. P. 6(d). Plaintiff filed his "Supplemental Pleading" on February 23, 2011, twenty-three days after the Motion to Dismiss was filed on January 31, 2011. Docket Nos. 30, 32. Thus, Plaintiff had the right to amend his original Complaint as a matter of course under Rule 15(a)(1)(B), and this action will proceed against Defendants Clendenion, Himes, and Walters.

The Clerk, therefore, is directed to send Plaintiff a service packet (a blank summons and USM 285 form) for each defendant named in this action. The Plaintiff will complete the service packets and return them to the Clerk's Office within twenty-one (21) days of the date of receipt of this Order. Upon return of the service packets, PROCESS SHALL ISSUE to Defendants Clendenion, Himes and Walters. Plaintiff is warned that his failure to return the completed

service packets within the time required could jeopardize his prosecution of this action. He is also forewarned that his prosecution of this action will be jeopardized should he fail to keep the Clerk's Office informed of his current address.

     IT IS SO ORDERED.

                                                   E. Clifton Knowles
                                                   United States Magistrate Judge